DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Marvin Mark Dallas has appealed from the denial of his motion to withdraw his no contest plea in the Lorain County Court of Common Pleas. This Court affirms.
Dallas was indicted on one count of involuntary manslaughter for the death of Mary Dallas. He initially pleaded not guilty, but pursuant to a plea agreement, changed his plea to no contest. On August 31, 1993, Dallas was sentenced to eight to twenty five years, with eight years of actual incarceration.
Dallas petitioned the trial court for postconviction relief pursuant to R.C. 2953.21, but his request was denied on August 3, 1996. Pursuant to Crim.R. 32.1, on May 18, 2000, Dallas filed a motion to withdraw his no contest plea, in which he asserted that his constitutional rights had been violated. The trial court denied his request. From this denial, Dallas has timely appealed.
Dallas has asserted eight assignments of error. However, this Court need not reach the underlying merits of his arguments. This is so because Dallas has failed to satisfy the threshold prerequisites permitting consideration of his motion to withdraw his no contest plea.[1]
Although Dallas had captioned his motion as a motion to withdraw his plea pursuant to Crim.R. 32.1, this motion was a petition for postconviction relief. This Court has previously held that a motion to withdraw a plea filed after the time for direct appeal that seeks vacation of a conviction and sentence on a claimed violation of a defendant's constitutional rights must be construed as a postconviction relief petition. See State v. Alvarez (June 28, 2000), Lorain App. No. 00CA007544, unreported; State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported; State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported. Therefore, Dallas' motion to withdraw his no contest plea must be construed as a postconviction relief petition.
Dallas had been sentenced on August 31, 1993. He subsequently filed his first postconviction relief petition, which was denied on August 3, 1996. Dallas then filed what constitutes his second postconviction relief petition on May 18, 2000. A second or successive postconviction relief petition is governed by R.C. 2953.23(A), which provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Dallas has failed to satisfy the criteria under R.C. 2953.23(A) permitting consideration of his petition for relief. Although he complained that his plea was involuntary, Dallas did not even attempt to show by clear and convincing evidence that, but for the alleged constitutional error, a reasonable factfinder would have found him innocent of the charges to which he pled no contest. As such, he failed to satisfy R.C. 2953.23(A)(2).[2] Accordingly, the trial court was precluded from addressing Dallas' petition on its merits. See R.C.2953.23(A).
The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., WHITMORE, J., CONCUR.
[1] Furthermore, this Court notes that Dallas' appellate brief, although signed by Dallas himself, was prepared on his behalf by a fellow inmate who identifies himself as "G.C.I. Legal Clerk C.R. Troutman-A233-402." It is unclear from the filings what "prepared" actually means, particularly since Dallas actually signed the brief. It goes without saying that this Court could not consider any brief which had been prepared in violation of Ohio's prohibition against the unauthorized practice of law.
[2] Because Dallas' failure to satisfy R.C. 2953.23(A)(2) is dispositive of this appeal, this Court need not address whether Dallas also failed to satisfy R.C. 2953.23(A)(1).